**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Howard ORNSTEIN, Defendant-Appellant.**

**No. 16074.**

United States Court of Appeals Sixth Circuit.

Jan. 12, 1966.

Dale Quillen, Nashville, Tenn., for appellant, Theodore Krieger, New York City, of counsel.

Carrol D. Kilgore, Asst. U. S. Atty., Nashville, Tenn., for appellee, James F. Neal, U. S. Atty., Nashville, Tenn., on the brief.

Before CELEBREZZE, Circuit Judge, CECIL, Senior Circuit Judge, and GREEN, District Judge*.

CELEBREZZE, Circuit Judge.

This is an appeal from a judgment entered upon a jury verdict finding defendant-appellant, Howard Ornstein, guilty on seven counts of an eight count indictment charging him with mail fraud in violation of Title 18, U.S.C.A. § 1341.[1] Count one of the indictment charged defendant with devising a scheme to defraud sawmill operators by selling to them group insurance policies issued in the name of the Carolina Casualty Insurance Company of Burlington, North Carolina, knowing that defendant was not authorized by Carolina Casualty Insurance Company to offer for sale such policies. Count one further charged, and the remaining seven counts charged that for the purpose of executing the above scheme the defendant used the United States mails to send letters to individuals and companies named in the eight counts of the indictment.

Count three of the indictment was dismissed, and the jury found the defendant guilty on the other seven counts. The defendant was sentenced to one year on the first count of the indictment and for a period of one year on the fourth count of the indictment, to run consecutive to the sentence on the first count; a period of one year on the sixth count, to run consecutive to the sentence imposed on the first and fourth counts; one year on the seventh count, to run consecutive to that imposed on the first, fourth and sixth counts; one year on each of the second, fifth and eighth counts, to run concurrently with the sentence imposed on the other counts.

Five grounds are urged for reversing the conviction of the defendant.[2]

---

* Honorable Ben C. Green, District Judge for the Northern District of Ohio, sitting by designation.

1. Section 1341. Frauds and swindles. Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Post Office Department, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,000 or imprisoned not more than five years, or both.

2. These grounds are (1) Did the trial court commit reversible error by receiving in evidence the testimony of a former attorney for the defendant concerning confidential and privileged communications? (2) Was reversible error committed by the Government Attorney's reference to the defendant's failure to testify as a witness in his own behalf? (3) Did the trial court commit reversible error by repeated comments by the trial judge, so as to leave the impression with the jury that he favored the side of the prosecution? (4) Was there sufficient evidence of a scheme by the defendant to defraud, and sufficient evidence of the execution of that scheme by placing in the mail, to

During the direct examination of Earl Hollis, a prosecution witness, the following colloquy occurred in the presence of the jury between the Court and the United States Attorney:

"The Court: What is pertinent about it? We have got a statement in the record that some Carolina Casualty policies were issued. We have a statement in the record that the claims on those policies were paid personally by Ornstein. Isn't it all cumulative? We have got a statement in the record that Carolina Casualty never issued any policies. Now what do we need?

"Mr. Lane: Possibly it is cumulative, if that has been proven.

"The Court: You have proved, subject, of course, to the defense, you have proved that Carolina Casualty never authorized issuance of this policy, you have proved a policy with the four digit numbers is a copy of a Carolina Life Policy but was not a policy ever authorized by Carolina Casualty Company. And you have proved that somebody sold some policies in Carolina Casualty Company to a bunch of sawmill operators. And you have proved by this man that he went out and adjusted claims and Ornstein paid them and not the Carolina Casualty Company, but Ornstein paid them. Go ahead, let's tend to the issues."
(Transcript, p. 74)

The use of the word "proved" related to several necessary elements of the crime charged in the indictment. No objection to these remarks were made by the defendant. The trial judge did not instruct the jury, either after making these remarks, or in his general charge to the jury, that they were not to infer that anything said by him was an expression of his opinion as to the guilt or innocence of the defendant.

■ In a criminal trial, before a jury, the defendant holds a carefully guarded right to have his guilt or innocence adjudged by the jury. The trial judge must not usurp the functions of the jury, nor give the jury an impression of partisanship on either side. United States v. DeSisto, 289 F.2d 833 (C.A.2, 1961), United States v. Persico, 305 F.2d 534 (C.A.2, 1962). As was stated in Quercia v. United States, 289 U.S. 466, at page 470, 53 S.Ct. 698, at page 699, 77 L.Ed. 1321:

" * * * The influence of the trial judge on the jury 'is necessarily and properly of great weight' and 'his lightest word or intimation is received with deference, and may prove controlling.' This court has accordingly emphasized the duty of the trial judge to use great care that an expression of opinion upon the evidence 'should be so given as not to mislead, and especially that it should not be one-sided'; * * *."

In Gariepy v. United States, 220 F.2d 252 (C.A.6, 1955), the trial judge said: "I think your case can be made out without calling all those witnesses". The trial judge later instructed the jury:

"I want you to remember that in what I said I did not express any opinion on the merits of this case or the guilt or innocence of the defendant."

In holding this comment of the trial judge was not prejudicial to the defendant, this Court said:

"In the context, the judge's remarks would not tend to create the impression upon the jury that he considered the proof already adduced sufficient to establish the guilt of the accused."

■ In the instant case, the Court went further than saying the testimony of the witness was cumulative. The impression was clearly created before the jury that the Court considered certain necessary elements of the Government's case had been proved, thereby infringing

sustain the appellant's conviction? (5) Was the defendant denied a fair trial by the combination of prejudicial errors committed during the course of the trial?

upon the rights of the defendant to have the jury weigh the evidence as to proof of guilt.

In considering the harmless error rule, 28 U.S.C.A. § 2111, the Supreme Court in Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1945) said:

> "If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand, except perhaps where the departure is from a constitutional norm or a specific command of Congress. Bruno v. United States, supra, 308 U.S. [287] at page 294 [60 S.Ct. 198, 84 L.Ed. 257]. But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand."

The defendant had the right of having the elements of proof of crime determined by the jury upon the evidence introduced. Even though we give credence to the Government's argument that there was enough evidence to support the conviction, this Court cannot bring itself to say that an expression on the part of the trial judge, in the presence of the jury, that the Government had proved what were several essential elements of the crime, falls within the harmless error rule. We are not free from grave doubt that this did not have a substantial influence upon the jury.

As a further ground for reversal, the defendant maintains that the Government's attorney, in his final argument to the jury, made a comment which inferentially related to the defendant's failure to testify in his own behalf.[3] This is also a close question which standing alone would not in our opinion constitute prejudicial error. However, taking this together with the colloquy, in the presence of the jury, between the Court and the United States Attorney, we hold that substantial rights of the defendant were affected. We find no merit to the other grounds raised by the defendant.

The judgment of conviction is reversed and the cause remanded to the District Court with instructions to grant appellant a new trial.

---

3. "I don't know whether he—where he intended to go. I don't know, but maybe he does. He hasn't said, but maybe he does know."