**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Michael MARION and Sanford Hoskow,**
**Defendants-Appellants.**

**Nos. 72–1751, 72–1752.**

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 29, 1973.

Decided April 25, 1973.

---

Peter H. Shumar, Detroit, Mich., for appellants; Neil H. Fink, Detroit, Mich., for appellant Marion and Carl Ziemba, Detroit, Mich., for appellant Hoskow, on brief.

Harold Hood, Chief Asst. U. S. Atty., for appellee; Ralph B. Guy, Jr., U. S. Atty., on brief.

Before PHILLIPS, Chief Judge, and CELEBREZZE and McCREE, Circuit Judges.

PHILLIPS, Chief Judge.

Michael Marion and Sanford Hoskow, appellants herein, were indicted on October 7, 1970, along with seven others. The indictment charged a conspiracy to utter and publish as true and genuine, false and forged United States Savings. Bonds knowing the same to be false and forged, with intent to defraud the United States, in violation of 18 U.S.C. § 495 and 18 U.S.C. § 371. The jury returned a verdict of guilty as charged, and each appellant was sentenced to three years in the custody of the Attorney General. We reverse.

Appellants have assigned several errors. Since we conclude that the District Court erred in failing to include a cautionary instruction in connection with certain comments to the jury regarding the testimony of Eddie Bell, a defendant, who testified as a Government witness, we need not reach the additional contentions.

The Government's case against the appellants rests principally upon the testimony of the accomplice witness, Bell, who originally was indicted along with the appellants. The first evidence presented by the Government tended to be highly incriminatory toward Bell. He therefore entered a plea of guilty before the prosecution rested. This plea was accepted by the District Court. Subsequently, the Government called Bell as a witness.

At the time Bell's plea of guilty was entered, the District Court notified all counsel that the determination whether to bring out the fact of the plea would be left to the attorneys. The first defense counsel to cross examine Bell brought out the fact of the plea. He directed several inquiries as to Bell's motive to change his plea. The witness replied that he did it for revenge, that his plea was free and voluntary and that he had been promised nothing. Later the attorney for the appellant Hoskow again questioned Bell regarding his plea and received similar answers. This attorney further inquired as to whether the wit-

ness considered himself guilty of a crime and received an affirmative response. At that time the District Judge stated to the jury that the plea would not have been accepted had the court not been satisfied that there was some factual basis for it.

Later in Bell's cross examination by the trial counsel for Hoskow, more questions regarding a "deal" with the United States Attorney were asked. This line of questioning continued until curtailed by the court. The District Judge then made a comment to the jury concerning the circumstances and effect of Bell's plea. These statements are included as an appendix. Important here is the Judge's statement that he believed the responses to be true that there were no arrangements of any kind and that he would not have accepted the plea had he not believed Bell. Of pivotal significance is the omission to include the cautionary instruction that, regardless of the judge's opinion, final determination of credibility of the witness is a responsibility reserved to the jury.

 We conclude that these comments by the District Judge to the jury effectively deprived the appellants of their right to have the credibility of this witness determined by the jury. Generally a trial judge is permitted to comment upon the evidence, including the credibility of witnesses, so long as it is clear that final determination is left to the jury. Hance v. United States, 299 F.2d 389 (8th Cir. 1962). A trial court must be careful to avoid giving the jury the impression that it is bound by the expressed views of the trial judge on the issue of credibility. Stevens v. United States, 306 F.2d 834 (5th Cir. 1962).[1] In Stevens reversible error was found in the trial judge's statement that he would

not believe a particular witness even under oath.

A jury composed of laymen will be greatly influenced by a judge's opinion of credibility. The problem is compounded where, as here, the opinion is not immediately coupled with a caveat that the ultimate decision is for the jury.

In view of our decision, appellants' motion for bail pending appeal is now moot. The issue of bail pending retrial will be resolved by the District Court.

Reversed and remanded.

## APPENDIX

THE COURT: All right. I have been silent long enough on this, and you continue, Mr. Disner, [Trial counsel for the appellant Hoskow] to go back to a matter, and I am going to instruct the jury at this time because of your repeated references to this, going over and over it, what the circumstance was.

Ladies and gentlemen, you are trying four cases here, and I want to say at the outset that the fact that Mr. Bell, who is a witness in this case now on behalf of the Government, has pleaded guilty, should not be taken by you in any way that fact that he pleaded guilty, that any of the other defendants are guilty. That can only be made on the basis of the testimony that you have heard from this witness stand, and at the conclusion of the case under the instructions on the law as I give it to you.

Having said that, though, I want to go on and say this, and then, Mr. Disner, that will end it.

MR. DISNER: I have ended it.

THE COURT: Well, you have opened the door, and I think, in fairness to the defendants, the other defendants other

---

1. Allowing the jury to believe that the credibility of a prosecution witness already has been resolved is particularly dangerous where the witness is an alleged accomplice. See, Crawford v. United States, 212 U.S. 183, 204, 29 S.Ct. 260, 53 L.Ed. 465 (1909); Hoffa v. United States, 349 F.2d 20, 53 (6th Cir. 1965), aff'd, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), reh. denied, 386 U.S. 940, 87 S.Ct. 970, 17 L.Ed.2d 880 (1967); Williamson v. United States, 332 F.2d 123 (5th Cir. 1964).

than your client, as well as your clients, and to the jury, this statement should be made:

No judge, ladies and gentlemen, accepts a plea from a defendant in a case, whether on trial, during the course of trial or before trial, unless the judge is convinced, first, that the plea is voluntarily made. That is to say, that no pressure of any kind, no threats of any kind, no deals of any kind are made in order to get the defendant to make a plea of guilty.

A judge must do that in order to protect the person who is making the plea. The judge, moreover, has to satisfy himself that when a witness makes a plea of guilty it is completely voluntary, that he knows what the probable consequences of his plea will be. And, further, when he makes that plea, that there is a factual basis for it.

In other words, a person who hasn't committed a crime cannot come forward and say, "Judge, I want to confess that I committed a crime." That wouldn't be good. There has to be in fact a basis for the judge's belief and that there was a crime committed. In this particular case, since Mr. Bell, during the course of this trial, and as I say, that the record will now show that Mr. Parzen, his attorney during the course of this trial is in the courtroom, for what reason I know not, but that's neither here nor there. He is entitled as an officer of this court to be here.

Mr. Parzen and Mr. Bell requested an opportunity to see me in chambers. I not only saw those two, but that was in the presence of Mr. Page, the Government's attorney. And both then and on this record, I asked Mr. Bell whether or not there was any plan, arrangement or any kind of a deal whatever to get him to testify as a Government witness. And he answered me, no.

Now, if I had in any way believed that there was such an arrangement, I would not have taken the plea of guilty. Even if I took the plea of guilty, I instructed him that he was under no re-

quirement whatever to appear here as a witness. That just because I had accepted his plea of guilty didn't require that he now get on the witness stand and testify.

And I wanted to say to you, because I don't want the record to appear any different than that, that Mr. Bell is appearing here completely voluntarily, because he wants to do it, after having been fully advised that he had no requirement to do so, under the circumstances.

Now, that is the fact and that's the end of the examination on that point.