**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert H. KEMP, Defendant-Appellant.**

**No. 74-1102.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 14, 1973.

Decided Oct. 16, 1974.

**422**

William E. Scent, Keith, Scent, Kirkman & Walton, Hopkinsville, Ky., Bert T. Combs, Charles R. Simons, Tarrant, Combs, Blackwell & Bullitt, Louisville, Ky., for defendant-appellant.

George J. Long, U. S. Atty., James H. Barr, Louisville, Ky., for plaintiff-appellee.

Before PHILLIPS, Chief Circuit Judge, LIVELY, Circuit Judge, and GRAY,* District Judge.

PER CURIAM.

The appellant was convicted of violations of 18 U.S.C. § 1001. Specifically, he was charged with committing this offense by falsely identifying and selling tobacco on marketing cards issued to other persons for designated farms, knowing that the tobacco was not produced on the farm shown on the card. The indictment contained twelve counts, each alleging a separate, but identical, violation of this statute.

Defendant's motion for judgment of acquittal was granted as to counts six through eleven of the indictment, no evidence having been offered by the Government in support of these counts of the indictment. On the remaining counts, the motion for judgment of acquittal was denied, and the jury returned a verdict of guilty on each of these counts, being counts one through five and count twelve. Appellant alleges four errors which he asserts were committed by the Trial Court, and these are the four issues posed for this Court's consideration.

██ Two of the issues on appeal, those concerning the Trial Court's exclusion of certain evidence proffered by the defendant and the Trial Judge's charge to the jury, are easily and briefly resolved. First, we find that the evidence in question was merely cumulative and that its exclusion by the Court was not an abuse of discretion. Second, we hold that the defendant's contention that the jury charge did not adequately relate the facts of the case to the offense charged is without foundation in the record and that the charge, read as a whole, was legally sufficient. *See:* United States v. Bryant, 461 F.2d 912 (6th Cir. 1972).

Both the third and fourth issues relate to count twelve of the indictment. The principal Government witness with respect to count twelve was a Mr. Windsor, on whose card the sale embraced by that count was made. However, Mr. Windsor's testimony was at variance with the Government's expectations and with statements made previously to Government agents and attorneys. The Government responded to this development by seeking to impeach Windsor's testimony with a statement he had given Government agents. The Trial Court allowed the statement to be read, but did not caution the jury as to the limited purpose for which that statement could be used. When Windsor attempted to explain the statement, the Trial Court told him, in the jury's presence, that he did not believe him.

██ The defendant contends that the Trial Court committed reversible er-

* The Honorable Frank Gray, Jr., Chief Judge, United States District Court for the Middle District of Tennessee, sitting by designation.

ror by failing to give a cautionary instruction concerning Windsor's statement. We agree and conclude that the conviction under count twelve must be reversed. United States v. Lester, 491 F.2d 680 (6th Cir. 1974). The defendant's fourth issue presents yet another reason for reversal of count twelve, that being the Trial Judge's comment in the jury's presence that he did not believe Windsor. We, of course, find the Court's comment to be highly improper and hold that such conduct can never be condoned.

Having concluded that the defendant's conviction under count twelve cannot stand, the Court is nevertheless of the opinion from the record that any impact the reversible errors found *supra* had on the remaining five counts was, at most, harmless, and because concurrent sentences were imposed on all six counts, a reversal of the convictions under counts one through five is not required. United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 110 (1965). Accordingly, we reverse the conviction under count twelve and affirm the conviction as to counts one through five.