UNITED STATES of America, Plaintiff-Appellee,

v.

**Michael R. YATES, Defendant-Appellant.**

No. 76–1984.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 13, 1976.

Decided April 20, 1977.

Rehearing Denied May 19, 1977.

Charles R. Dersom, Columbus, Ohio (Court-appointed CJA), for defendant-appellant.

William W. Milligan, U. S. Atty., Daniel A. Brown, Columbus, Ohio, for plaintiff-appellee.

Before EDWARDS, LIVELY and ENGEL, Circuit Judges.

ENGEL, Circuit Judge.

Michael R. Yates appeals from his conviction in a jury trial of bank robbery. 18 U.S.C. § 2113(a).

The proofs show that on January 5, 1976 the Ohio State Bank at 5020 North High Street, Columbus, Ohio, was robbed of $547 in cash. Karen Weaver, a teller at the bank, identified Yates as the person who had robbed her. Dennis Leasure, Operations Officer of the bank, observed the incident, but without realizing that a robbery was taking place until Weaver notified him moments later. Leasure then ran to the window in time to see a green Pontiac convertible driving out of the bank parking lot. He took down the license number and the car was later identified as belonging to Yates. Leasure could not identify Yates as the robber.

The morning after the robbery Yates, in response to a call from the FBI, voluntarily presented himself at the FBI office where he was interviewed by Agents Gableman and Rogers. It was the testimony of both of these officers that after being properly informed of his rights and signing a waiver form, Yates fully confessed to the robbery. Thereupon Gableman reduced the statement to writing which, the officers testified, Yates read and voluntarily signed after making certain corrections.

At the trial Yates took the stand on his own behalf and denied that he robbed the bank. He claimed he did not read the statement before signing it and did not know that it contained any confession of the bank robbery. Yates testified that he thought he was under investigation for writing bad checks and that he initialed and signed the statement only to cooperate with the FBI.

In his direct appeal Yates raises three issues, two of them of sufficient merit to require reversal and remand for new trial.

## I. DELAY IN APPEARANCE BEFORE A FEDERAL MAGISTRATE

Yates contends that the statement made to the FBI should have been suppressed because of an unreasonable delay in taking him before a federal magistrate. Rule 5(a) Fed.R.Crim.P. In denying defendant's motion to suppress, the district court found that Yates' detention commenced at 10:40 a. m. on January 6 and that he was taken before the United States Magistrate approximately 2½ hours later. The court further held that the defendant

was fully informed of his constitutional rights prior to any discussion of the bank robbery and that the defendant was "aware of the content of the written statement and voluntarily affirmed it as his own." There is no merit in this claim. *See,* 18 U.S.C. § 3501(c).

## II. IMPROPER COMMENT UPON THE EVIDENCE

The last witness to testify for the government in its case-in-chief was FBI Agent Rogers who testified at length concerning the circumstances of the interview with Yates on January 6 and of the preparation and execution of the purported confession. At the conclusion of Rogers' testimony, the Assistant United States Attorney offered and the court admitted as government's Exhibit No. 2 the document which had been identified as Yates' confession. The colloquy which then ensued before the jury and which forms the basis of defendant's objection is reprinted in the margin.[1]

The defendant strongly urges that the district judge's remark that defendant admitted his participation in the bank robbery exceeds the scope of permissible judicial comment on the evidence and is reversible.

The government, however, asserts that remarks are within the broad traditional powers of a trial judge to control the progress of the case and to comment on the evidence, citing *United States v. Clement,* 504 F.2d 921 (5th Cir. 1974), and *United States v. Martinez,* 496 F.2d 664 (5th Cir. 1974), *cert. denied* 419 U.S. 1051, 95 S.Ct. 627, 42 L.Ed.2d 646 (1975). Further, the government urges that the remarks, in their context, amounted not to a comment upon the evidence but rather were simply an observation that the document introduced was self-explanatory and did not need to be published to the jury as requested by the prosecution. The government contends that this interpretation logically explains the failure of the defense to object to the statement at the time or to request any curative instruction then or later.

■ Both the Supreme Court and our court have had frequent opportunity to delineate the scope of a federal judge's power to comment on the evidence in a criminal case. *Quercia v. United States,* 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321 (1933); *United States v. Murdock,* 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1933); *United States v. Kemp,* 504. F.2d 421 (6th Cir. 1974); *United States v. Marion,* 477 F.2d 330 (6th Cir. 1973); *United States v. Smith,* 399 F.2d 896 (6th Cir. 1968); *United States v. Porter,* 386 F.2d 270 (6th Cir. 1967), and *United States v. Ornstein,* 355 F.2d 222 (6th Cir. 1966). Upon the authority of those cases, we have no hesitancy in holding that the quoted statement of the trial judge exceeded the scope of proper judicial comment. While the government urges that "the jury would not have interpreted said comment as having any bearing whatsoever upon the veracity of the defendant, in that at the time the comment was made, the defendant had not yet testified . . .", it is nevertheless clear that the court's comment struck directly at the heart of Yates' defense; it negated Yates' claim that he did not make the confession, that he signed the paper without realizing its contents and

---

1. MR. BROWN [Assistant United States Attorney]: Your Honor, I would request that Exhibit No. 2 be published to the jury, however, to avoid any unnecessary time delay I would request that it be read in open court by some suitable person, either myself or the Clerk.
THE COURT: Mr. Dersom?
MR. DERSOM [Yates' counsel]: Is that as to Exhibit 2?
MR. BROWN: Yes, sir.
MR. DERSOM: Your Honor, respectfully, I submit if the exhibit is in evidence that the jury will have time to look at it themselves. It need not be read at this time.

THE COURT: That's true, Mr. Brown.
MR. BROWN: Yes, Your Honor.
THE COURT: The written statement of the admissions or confession, or whatever you want to call it, as made by this Defendant is in evidence and the jury will have an opportunity to read it, so it will not be read to or by the jury at this time. It is clear in the record from the testimony of Mr. Gableman and Mr. Rogers that this Defendant did admit his participation in this bank robbery, so call your next witness, Mr. Brown.
MR. BROWN: At this time, Your Honor, the Government rests.

that he did not rob the bank. While it is true, of course, that Yates had not yet testified at the trial, he had testified fully at the suppression hearing and thus the trial judge had to be aware of his position. Essentially Yates had no other defense.

As urged by the government, it may be that the trial judge did not precisely mean what his words so clearly say in print. But on review, we are confined to what is before us and in the context in which the statement was made, we are unable to find it harmless within the meaning of Rule 52, Fed.R.Crim.P. Closely analogous to the facts here is the colloquy which was found to be reversible error in *United States v. Ornstein, supra.* There the trial judge, in the presence of the jury, told the United States Attorney that the government had in fact proved several necessary elements of the crime and that further proof would be cumulative. Judge Celebrezze held that such statements constituted error:

> The impression was clearly created before the jury that the Court considered certain necessary elements of the Government's case had been proved, thereby infringing upon the rights of the defendant to have the jury weigh the evidence as to proof of guilt.
>
> *Ornstein, supra,* at 224–5.

In *Ornstein*, the defendant's failure to make a timely objection did not preclude reversal. Likewise here we are obliged to hold that the comments adversely affected the substantial right of the defendant to have his defense fairly heard and to have the question of his guilt or innocence decided by the jury and not by the court. We conclude as we did in *Ornstein* that the persuasive comments of Chief Justice Hughes in *Quercia, supra*, leave us no alternative:

> " * * * The influence of the trial judge on the jury 'is necessarily and properly of great weight' and 'his lightest word or intimation is received with deference, and may prove controlling.' This court has accordingly emphasized the duty of the trial judge to use great care that an expression of opinion upon the evidence 'should be so given as not to

mislead, and especially that it should not be one-sided'; * * *."

*Quercia v. United States, supra,* 289 U.S. at 470, 53 S.Ct. at 699.

## III. ADMISSION OF EXHIBIT

Finally, appellant claims that it was error for the district court to admit a letter (Exhibit No. 5) from bank employees Leasure and Weaver to the bank management. The letter relates the details of the bank robbery and includes at the bottom of the letter a postscript: "P.S. The F.B.I. just phoned to notify us that the robber turned himself in this morning and is now in their custody." At oral argument the government conceded that the latter portion of the letter is not properly within the business records exception of Federal Rule of Evidence 803(6) and should have been excluded. Without further discussion, we agree. The document contained statements made by a third party outside of the scope of the business.

> The mere fact that the recordation of the third party statements is routine, taken apart from the source of the information recorded, imports no guaranty of the truth of the statements themselves.
>
> *United States v. Graham,* 391 F.2d 439, 448 (6th Cir. 1968), quoting *Yates v. Bair Transport,* 249 F.Supp. 681, 683 (S.D.N.Y. 1965).

*Accord, United States v. Smith,* 172 U.S. App.D.C. 297, 521 F.2d 957 (1975); *United States v. Beasley,* 513 F.2d 309 (5th Cir. 1975); *United States v. Burruss,* 418 F.2d 677 (4th Cir. 1969).

Reversed and remanded for new trial.