Cristobal CRUZ, Petitioner,

v.

Charles J. SCULLY, Superintendent, Green Haven Correctional Facility, Respondent.

No. 88 Civ. 7042 (MEL).

United States District Court, S.D. New York.

June 27, 1989.

Cristobal Cruz, Stormville, N.Y., pro se.

Paul T. Gentile, Dist. Atty., Bronx County, New York City (Peter D. Coddington and Allen H. Saperstein, Asst. Dist. Attys., of counsel), for respondent.

LASKER, District Judge.

Cristobal Cruz, appearing *pro se*, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 1986, after a jury trial in the Supreme Court of New York, Bronx County, Cruz was convicted of and sentenced for attempted murder in the second degree, assault in the first degree and reckless endangerment in the first degree. The Appellate Division affirmed the conviction without opinion, *People v. Cruz*, 133 A.D.2d 1018, 519 N.Y.S.2d 988 (1st Dept. 1987), and the Court of Appeals denied Cruz's application for leave to appeal, *People v. Cruz*, 70 N.Y.2d 1005, 526 N.Y.S.2d 940, 521 N.E.2d 1083 (1987).

Cruz argues that his constitutional rights were violated because: 1) the court's denial of his request for an order compelling the government to produce the grand jury minutes of two of his witnesses violated the rule of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1962), 2) the court's refusal to permit testimony about the complainant's statement to the police violated his Sixth Amendment right to confront witnesses, 3) the prosecutor's summation was constitutionally improper because it attempted to arouse sympathy, and 4) the police's search of and seizure of a gun from his store violated the Fourth Amendment. The state contends that the first three issues are immune from federal habeas review because they were not raised during the trial in accordance with state procedure. Moreover, the state maintains that, even if Cruz has preserved these arguments by objecting in a timely fashion,

the petition must be denied because Cruz's arguments lack merit. The state's arguments are persuasive and the petition is accordingly denied.

## A. PROCEDURAL DEFAULT

■ It is the rule in this circuit that, where the state argues on appeal that a defendant cannot prevail on her or his constitutional claims both because the arguments lack merit and the defendant failed to preserve the objection, the Appellate Division's silent affirmance is construed to rest on procedural grounds. Accordingly, the conviction stands on an adequate and independent state ground that bars review of the merits by a habeas court, unless the petitioner can show cause for and prejudice resulting from her failure to object in the state proceedings.[1] *Martinez v. Harris*, 675 F.2d 51, 53–55 (2d Cir.1982). As was true in *Martinez*, the state in the case at hand argued in its brief before the Appellate Division that Cruz could not prevail on the merits of his arguments and that he had procedurally defaulted on three of the four arguments now raised in this petition.

■ Under New York law, "[f]or purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial ... is presented when a protest thereto was registered, by the party claiming error, at the time when the court had an opportunity of effectively changing the same." N.Y.Crim.Proc. § 470.105(2) (McKinney 1983). It is clear that Cruz failed to comply with New York law and thus preserve his challenge to the

government's statements during summation: The transcript does not reflect a contemporaneous objection by Cruz to the prosecutor's summation.[2] Moreover, there is a serious question whether Cruz preserved his *Brady* and Fifth Amendment arguments. Although he objected at trial to the court's rulings on the grand jury minutes and the admissibility of the victim's allegedly prior inconsistent statement, his objections were rooted in the "interest of fair play"[3] and the rules of evidence,[4] respectively. Because the trial court was not alerted to the basis for the objection, it did not have the opportunity "effectively [to] chang[e]" its ruling within the meaning of § 470.05(2). *See People v. Nuccie*, 57 N.Y.2d 818, 455 N.Y.S.2d 593, 441 N.E.2d 1111 (1982) (defendant failed to preserve arguments for appellate review; objections at trial were either general or premised on different theory); *People v. Qualls*, 55 N.Y.2d 733, 447 N.Y.S.2d 149, 431 N.E.2d 634 (1981) (defendant failed to preserve argument that evidence was inadmissible hearsay and introduction violated constitutional right of confrontation because defendant objected at trial only on ground that evidence constituted improper bolstering).

Cruz has not argued that there was cause for and prejudice resulting from his failure to preserve his objection sufficient to bring him within the exception of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). However, even if he could make such a showing, he could not

---

1. New York courts will entertain certain claims that have not been raised below. *See, e.g., Waterhouse v. Rodriguez*, 848 F.2d 375, 382 (2d Cir.1988) (court of appeals will entertain claim for ineffective assistance of counsel even if defendant failed to raise it at trial or appellate division levels). This exception does not, however, encompass Cruz's due process or Sixth Amendment claim. *See Cuevas v. Henderson*, 801 F.2d 586, 589 (2d Cir.1986) (failure to object to prosecutor's summation in accordance with New York State contemporaneous objection rule constitutes procedural default barring habeas review). *Cf. People v. Little*, 55 N.Y.2d 770, 771, 447 N.Y.S.2d 241, 242, 431 N.E.2d 966, 967 (1981) (issue waived where defense counsel failed to pursue challenge to court's ruling sustaining objection to impeaching question); *Peo-*

*ple v. Gonzalez*, 54 N.Y.2d 729, 730, 442 N.Y.S.2d 980, 981, 426 N.E.2d 474, 475 (1981) (defendant failed to preserve for review argument that he had due process right to introduce exculpatory grand jury testimony of defense witness who died before trial by failing to make timely objection).

2. The court sustained objections to the summation on two instances. The prosecution contends and the petitioner does not dispute that the objections were those of the court.

3. Pretrial Hearing at 134–35; Trial Transcript ("TR") at 302–08.

4. TR at 384–90, 433–39.

for the reasons discussed below prevail on the merits.

### B. *Brady* MATERIAL

Prior to the trial, Cruz requested that all *Brady* material be disclosed. Both before and at trial, he asserted that in the "interest of fair play" and under "reciprocal discovery" he was entitled to the grand jury testimony of two witnesses who had testified at the defendant's request. The court denied the requests on the grounds that the witnesses were available to be interviewed and the defense presumably knew the nature of their testimony. At the conclusion of the direct examination of one of the witnesses at issue, upon the request of the defendant, the court required the government to give defense counsel the grand jury testimony of the witness if the testimony was to be used during cross-examination, which the government did. In this petition, Cruz contends that the minutes constituted exculpatory material within the meaning of *Brady* and thus the court's refusal to require their earlier production was in violation of his right to due process.

To prevail on his *Brady* claim, Cruz must show that the prosecution suppressed evidence favorable to him and material either to guilt or punishment. *Brady*, 373 U.S. at 87, 83 S.Ct. at 1196–97. *See also United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *Moore v. Illinois*, 408 U.S. 786 (1972). The government cannot be said to have "suppressed" evidence within the meaning of *Brady* if the defendant "knew or should have known the essential facts permitting him to take advantage of the evidence in question." *U.S. v. Esposito*, 834 F.2d 272, 275 (2d Cir.1987). *See also United States v. Gaggi*, 811 F.2d 47, 59 (2d Cir.), *cert. denied*, 482 U.S. 929, 107 S.Ct. 3214, 96 L.Ed.2d 701 (1987); *United States v. LeRoy*, 687 F.2d 610, 618 (2d Cir.1982), *cert. denied*, 459 U.S. 1174, 103 S.Ct. 823, 74 L.Ed.2d 1019 (1983); *United States v. Stewart*, 513 F.2d 957, 960 (2d Cir.1975); *United States v. Persico*, 621 F.Supp. 842, 869–70 (S.D.N.Y.1985).

■ In the case at hand, Cruz presumably knew the substance of the witnesses' testimony, because he had arranged for them to testify before the grand jury. Moreover, he acknowledged that the witnesses were available for him to interview. Thus, Cruz had knowledge of "the essential facts" that would enable him to take advantage of any exculpatory evidence. *See LeRoy*, 687 F.2d at 618 (government had no duty to advise defendant of allegedly exculpatory testimony of three witnesses where testimony of another witness put defendant on notice that the three might support his defense); *Persico*, 621 F.Supp. at 869–70 (denying motion under *Brady* for grand jury minutes of eight witnesses because defendant had access to witnesses, knowledge of portion of testimony that was exculpatory, and could subpoena witnesses). Accordingly, the failure of the state to furnish the grand jury testimony before trial did not violate the *Brady* rule.[5]

### C. SIXTH AMENDMENT

Cruz contends that he was denied his Sixth Amendment confrontation clause rights when the court denied admission of a prior inconsistent statement of Ms. Carmen Morales Saloman, the complainant in this case. When she testified, the defense chose not to cross-examine her about a police report indicating that immediately after she was shot she was unable to identify her assailant. Cruz later sought to impeach Saloman's in-court identification by offering the report as a business record during the testimony of the government's ballistic expert, who had received a copy of the report. The court held the report was inadmissible, because the witness had no knowledge of it and Saloman was under no

---

5. Cruz also argues that he was entitled to the minutes pursuant to *People v. Rosario*, 9 N.Y.2d 286, 213 N.Y.S.2d 448, 173 N.E.2d 881 (1961), which held that defense counsel are entitled to view the prior statements of prosecution witnesses for the purposes of cross-examination. Even if *Rosario* were applicable to the facts of this case, Cruz could not prevail on this argument because a *Rosario* error is one of state law and thus not subject to review under a petition for a federal writ of habeas corpus. *U.S. ex rel. Butler v. Schubin*, 376 F.Supp. 1241, 1247 (S.D.N.Y.1974) (Weinfeld, J.), *aff'd without opinion*, 508 F.2d 837 (2d Cir.1975).

obligation to give the information. Moreover, the court held the report could not be offered as a prior inconsistent statement because Saloman had given no statement with which it was inconsistent; defense counsel had not asked Saloman if she had been able to identify her assailant when questioned by the police at the scene. The court also precluded defense counsel from asking the officer who signed the police report about Saloman's inability to identify the defendant when she was first interviewed, on the ground that there was no basis for its admission as a prior inconsistent statement. The officer was permitted to state that there was a question on the report "regarding the possible identity of the perpetrator."

This issue raises two questions. First, did Cruz waive his right to confront Saloman when he chose not to cross-examine her while she was on the stand about her alleged earlier statement? Second, did the exclusion of Saloman's statement, when offered through two other witnesses, constitute a denial of Cruz's confrontation clause rights?

■ The Sixth Amendment right of confrontation is a personal right, which can be, and in this case was, waived by voluntarily agreeing not to cross-examine a witness at trial. *Brookhart v. Janis,* 384 U.S. 1, 4, 86 S.Ct. 1245, 1246–47, 16 L.Ed.2d 314 (1966); *United States v. Carlson,* 547 F.2d 1346, 1357–58 (8th Cir.1976), *cert. denied,* 431 U.S. 914, 97 S.Ct. 2174, 53 L.Ed.2d 224 (1977). The right of confrontation is not denied simply because the prosecution is able to examine a witness whom for tactical reasons the defense declines to cross-examine. *United States v. Ricks,* 776 F.2d 455, 466 (4th Cir.1985), *cert. denied,* 479 U.S. 1009, 107 S.Ct. 650, 93 L.Ed.2d 705 (1985); *United States v. Howard,* 751 F.2d 336, 338 (10th Cir.1984), *cert. denied,* 472 U.S. 1030, 105 S.Ct. 3507, 87 L.Ed.2d 638 (1985); *United States v. Hines,* 696 F.2d 722, 731 (10th Cir.1982). In the case at hand, Cruz cross-examined Saloman. He did not, however, cross-examine her about her alleged prior inconsistent statement. Because Cruz, like the defendants in *Ricks,* *Howard* and *Hines,* voluntarily waived his right to cross-examine the witness, he was not denied his Sixth Amendment right to confront Saloman.

■ The Sixth Amendment right to confrontation requires only that the accused be permitted to introduce all relevant and admissible evidence. *United States v. Kasto,* 584 F.2d 268, 272 (8th Cir.) (exclusion of irrelevant evidence deprived defendant of no constitutional right), *cert. denied,* 440 U.S. 930, 99 S.Ct. 1267, 59 L.Ed.2d 486 (1978). In the case at hand, Saloman's statement was properly excluded as hearsay when Cruz sought to introduce it through admission of the police report as a business record. *See United States v. Meyers,* 847 F.2d 1408, 1412 (9th Cir.1988) (holding exhibit summarizing surveillance activity was admissible because there was no evidence report "improperly incorporated the statements of third persons under no business duty to report"); *United States v. Snyder,* 787 F.2d 1429, 1434 (10th Cir.) (affirming exclusion of report because it contained statements of those with no business duty to report), *cert. denied,* 479 U.S. 836, 107 S.Ct. 134, 93 L.Ed.2d 78 (1986); *United States v. Pazsint,* 703 F.2d 420, 424 (9th Cir.1983) (holding tapes of emergency calls were erroneously admitted because the callers were under no business duty to report); *Clark v. City of Los Angeles,* 650 F.2d 1033, 1037 (9th Cir.1981) (hearsay statements within business records are admissible only if the person providing the information had a "duty of accuracy"), *cert. denied,* 456 U.S. 927, 102 S.Ct. 1974, 72 L.Ed.2d 443 (1982); *United States v. Yates,* 553 F.2d 518, 521 (6th Cir.1977) (finding part of letter not within business record exception because it contained statement outside the scope of business). *Cf. Johnson v. Lutz,* 253 N.Y. 124, 127–28, 170 N.E. 517 (1930) (police officer's accident report, although prepared in ordinary course of business, was inadmissible because it contained statement of bystander who had no duty to report information).

Moreover, even if Saloman's statement to the police were inconsistent with her

trial testimony and thus not hearsay, its exclusion when offered through other witnesses did not violate Cruz's constitutional rights. Exclusion of a prior inconsistent statement does not deny a defendant his right to confront a witness where there were other means available to impeach the witness. *U.S. ex rel. Nance v. Fairman,* 707 F.2d 936, 942 (7th Cir.1983). *See also Smith v. Fairman,* 862 F.2d 630, 637–38 (7th Cir.1988) (holding that habeas petitioner's right to confront witness was abridged by exclusion of prior inconsistent statement where defendant had no other means to attack witness's credibility), *cert. denied,* —— U.S. ——, 109 S.Ct. 1645, 104 L.Ed.2d 160 (1989). In the case at hand, Cruz had but chose not to exercise the opportunity to question Saloman about her statement while she was on the stand.

### D. DUE PROCESS

Cruz argues that the prosecutor, in summation, improperly "attempted to appeal to feelings of sympathy and vengeance." The prosecutor stated:

Carmen Morales can't be here, because of the defendant's actions. She can't be here to let you know, but I ask you to remember her in that jury deliberations room. Remember her. Remember her testimony. Remember what is left now of her life as a result ... [6]

The prosecution also asked the jury not to "compound the tragedy what has happened to her by a further tragedy of not doing justice in this case." [7] Finally, the prosecutor, referring to the complainant's civil suit, asked during summation, "Is it going to make her whole again?" [8] The court sustained its own objection to two of these comments and on both occasions cautioned members of the jury not to let sympathy affect their deliberations.

A prosecutor's remarks must be examined within context to determine if the behavior amounted to prejudicial error. *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 2472, 91 L.Ed.2d 144 (1986). To render the conviction a denial of due process, it is not enough that the prosecutor's statements were "undesirable or even universally condemned;" they must have "infected the trial with unfairness." *Id.* (quoting *Darden v. Wainwright,* 699 F.2d 1031, 1036 (11th Cir.1983)).

Inappropriate prosecutorial comments, standing alone, [do] not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding. Instead ... the remarks must be examined within the context of the trial to determine whether the prosecutor's behavior amounted to prejudicial error.

*United States v. Young,* 470 U.S. 1, 11–12, 105 S.Ct. 1038, 1044, 84 L.Ed.2d 1 (1985).

In *Darden,* the prosecutor during his summation said of the defendant: "He shouldn't be out of his cell unless he has a leash on him.... I wish someone had walked in the back door and blown his head off at that point.... I wish he had been killed in an accident, but he wasn't." *Id.* 477 U.S. at 180 n. 12, 106 S.Ct. at 2471–72 n. 12 (citations to record omitted). The Court held that this statement and others did not infect the trial, because they did not manipulate or misstate the evidence or implicate other specific rights of the accused. Moreover, the Court found that the comments were invited by or responsive to comments made by the defense, the jury had been properly instructed that the arguments were not evidence, and the defense in its rebuttal argument effectively addressed the comments at issue. *Id.* at 181–83, 106 S.Ct. at 2472–73.

The court of appeals for this circuit has similarly held that a defendant's due process rights are violated only when the prosecutor's improper summations "cause substantial prejudice to the defendant," a determination that involves three factors: "the severity of the misconduct; the measures adopted to cure the misconduct; and the certainty of conviction absent the improper statements." *United States v. Modica,* 663 F.2d 1173, 1181 (2d Cir.1981) (per

---

**6.** TR at 633.

**7.** TR at 633.

**8.** TR at 621.

curiam), *cert. denied,* 456 U.S. 989, 102 S.Ct. 2269, 73 L.Ed.2d 1284 (1982). *See also United States v. Nersesian,* 824 F.2d 1294, 1327–30 (2d Cir.) (adopting and applying standards as articulated in *Modica*), *cert. denied,* —— U.S. ——, 108 S.Ct. 357, 98 L.Ed.2d 382 (1987); *United States v. Biasucci,* 786 F.2d 504, 513–15 (2d Cir. 1986) (same). In *Modica,* the defendant argued that the prosecutor's near endorsement of the credibility of a government witness, his suggestions that a government witness had been threatened, and his statement that the jury should not let the defendant "walk out of [the] room laughing at you" during the summation violated the defendant's due process rights. 663 F.2d at 1180. The court rejected the argument: The offending behavior was limited to the summations and, although the trial judge refused to give curative instructions, the evidence against the defendant was so overwhelming that the record strongly indicated that the jury would have found him guilty absent the improper remarks. *Id.* at 1181–82.

■ Applying the standards of *Modica,* it cannot be said that the prosecutor's remarks resulted in substantial prejudice to Cruz. First, the severity of the prosecutor's misconduct did not approach the inflammatory level of the remarks in *Darden,* in which the Court denied habeas relief. Moreover, as in *Modica,* the improper remarks were confined to summation. *See also United States v. Perholtz,* 842 F.2d 343, 360 (D.C.Cir.) (per curiam) (offending statements were limited to summation), *cert. denied,* —— U.S. ——, 109 S.Ct. 65, 102 L.Ed.2d 42 (1988). Furthermore, the defense could arguably be said to have invited or opened the door to the prosecution's urging that the jury remember the complainant and not compound her tragedy. *See United States v. Robinson,* 485 U.S. 25, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988) (holding that defendant's Fifth Amendment rights were not violated by prosecutor's comments on failure of defendant to testify that were responsive to defense's argument that defendant had not had opportunity to tell story). The defense during summation urged the jury not to "becloud [its]

vision with this lady, and I tell you that there is an awful lot of compassion for her that came into this courtroom on a stretcher." [9] Second, the trial court's prompt curative instructions corrected any improper influence. *United States v. Coffey,* 823 F.2d 25, 28 (2d Cir.1987) (per curiam); *United States v. Biasucci,* 786 F.2d 504, 514 (2d Cir.1986). Third, the evidence supporting Cruz's conviction was substantial. The bullet was fired from his gun, which was found in his store, directly after the shooting, with one spent cartridge, smelling like it had just been fired. Further, the victim identified Cruz as her assailant and two other witnesses asserted that the gun was in fact fired by Cruz during the shooting. *See United States v. Nersesian,* 824 F.2d 1294, 1330 (2d Cir.) (emphasizing strength of evidence of guilt as factor indicating summation did not cause substantial prejudice), *cert. denied,* —— U.S. ——, 108 S.Ct. 357, 98 L.Ed.2d 382 (1987).

### E. FOURTH AMENDMENT

■ Cruz contends that the police improperly searched and seized a gun from his store. The trial court concluded at the end of a suppression hearing that Cruz had consented to the search and therefore denied his motion to suppress; the ruling was challenged and affirmed on appeal. Thus, Cruz was afforded an opportunity for full and fair litigation of his Fourth Amendment claim in state courts; accordingly, his claim that the search and seizure was illegal may not be considered on habeas review. *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *Jackson v. Scully,* 781 F.2d 291, 297 (2d Cir.1986); *McPhail v. Warden, Attica Correctional Facility,* 707 F.2d 67, 69 (2d Cir.1983).

\*     \*     \*     \*     \*     \*

For the reasons stated above, the petition must be denied. A certificate of probable cause is denied.

It is so ordered.

---

**9.** TR at 599.