# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3108
_____

United States of America,       *
                              *

        Appellant,       *

                              *   Appeal from the United States
    v.                      *   District Court for the
                              *   Northern District of Iowa.

Chad Grady,             *

                              *     [UNPUBLISHED]
        Appellee.       *

_____

Submitted:  June 11, 2003

Filed:  August 5, 2003
_____

Before BOWMAN, MURPHY, and BYE, Circuit Judges.
_____

PER CURIAM.

       The United States appeals the District Court's decision to grant Chad E. Grady's 28 U.S.C. § 2255 (2000) motion "to vacate, set aside or correct [his] sentence."  We reverse.

       This is Grady's third appearance before this court.  In United States v. Grady, 997 F.2d 421 (8th Cir.), cert denied, 510 U.S. 958 (1993), we affirmed the appellee's conviction for distribution of crack cocaine.  In 2001, we vacated the District Court's decision that ordered a new trial for Grady and remanded the case for reconsideration of whether his § 2255 motion was timely filed.  Grady v. United States, 269 F.3d 913

(8th Cir. 2001). Most recently, the District Court determined that Grady was entitled to the benefit of the prison mailbox rule and ruled that his motion was timely filed. The District Court incorporated its earlier ruling that vacated and set aside his sentence and granted Grady a new trial based on its conclusion that the District Court itself had compelled Grady to appear before the jury, during voir dire, in prison clothing.

In the context of a federal prisoner's § 2255 motion, we review a district court's findings of fact for clear error and its conclusions of law de novo. United States v. Bailey, 235 F.3d 1069, 1071 (8th Cir. 2000), cert. denied, 534 U.S. 879 (2001). It is settled law in this Circuit that an issue that was resolved on direct appeal cannot ordinarily be relitigated in a § 2255 motion. United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001), cert. denied, 534 U.S. 1083 (2002). That rule is clearly applicable in this case where Grady seeks a new trial based on his claim that he was compelled to appear before the jury in prison clothing.

In his direct appeal, Grady argued, *inter alia*, that "he was denied a fair trial because he appeared before the jury in jail clothing." Grady, 997 F.2d at 424. In that case, we noted that the crucial determination is whether the defendant was compelled to stand trial while in prison clothing. We rejected Grady's claim because he failed to object to his appearance before the jury in his prison clothing and, accordingly, we were unable to discern any compulsion. Our decision cited Estelle v. Williams, a case in which the Supreme Court held that "the failure to make an objection to the court as to being tried in such clothes, *for whatever reason*, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." 425 U.S. 501, 512–13 (1976) (emphasis added). We will not revisit our prior ruling, the existence of which means that the District Court erred when it ruled that Grady was entitled to a new trial because he was compelled to appear before the jury in prison clothing. Accordingly, the decision of the District Court granting Grady a new trial

is reversed and the case is remanded for reinstatement of Grady's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.