## EINZIGER et al. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. December 19, 1921.)

### No. 2779.

1. **Conspiracy �köm47—Evidence held not to sustain conviction.**

   An indictment for conspiracy to sell liquor in violation of law *held* not sustained by proof merely that defendants transported liquor, without any evidence of a sale or attempted sale.

2. **Criminal law ⊱1172 (2)—Instructions which authorize conviction on proof of offense other than that charged held erroneous.**

   Instructions which would tend to authorize the jury to convict, if the evidence established a violation of the law, though not that charged in the indictment, *held* prejudicial error.

⊱For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Criminal prosecution by the United States against Emanuel Einziger and Joseph Brenna. Judgment of conviction, and defendants bring error. Reversed.

Harry Heher, of Trenton, N. J., and A. V. Dawes, of Hightstown, N. J., for plaintiffs in error.

Elmer H. Geran, U. S. Atty., of Asbury Park, N. J., and Frederic M. P. Pearse, Asst. U. S. Atty., of Newark, N. J.

Before WOOLLEY and DAVIS, Circuit Judges, and THOMPSON, District Judge.

WOOLLEY, Circuit Judge. The defendants below, Einziger and Brenna, were charged by the indictment with having conspired with persons unknown to the grand jurors to commit an offense against the United States, that is to say, to sell intoxicating liquors to a person also unknown to the grand jurors. The overt acts in furtherance of the conspiracy as laid in the indictment were: First, that Einziger endeavored to deliver liquors to one Brown, whom Einziger thought was the person (referred to in the indictment as unknown) to whom the liquors were to be sold but who, in fact, was a prohibition agent engaged in detective work on the transaction; and, second, that in attempting delivery of the liquors Einziger and Brenna transported them through the streets of Trenton to a certain garage.

[1] At the trial, the Government introduced evidence in support of the indictment which tended to show that the prohibition authorities had learned that a whiskey deal was to be "pulled off" at the Eagles' Club in the City of Trenton. Thereupon Brown, a prohibition agent, was assigned to the case. Brown placed himself on watch in a position across the street from the Eagles' Club. In due course, a man—who later proved to be Einziger—came along looking at the numbers of the houses. Brown went over to him and said: "Are you looking for me?" Einziger replied: "Are you the secretary?" Brown said: "No, sir; I am not." Einziger inquired: "Where is he?" Brown replied: "Across the street. * * * I'll take care of you. Are you the man with the case goods?" Einziger replied: "Yes; where do you want them?" Continuing, he said: "You cannot put the barrels down this club (referring to an areaway of the Eagles' Club). Have you got a back way to it?" Observing a garage near by, Brown replied: "We are going to run all the stuff in there. When will you have it?" Einziger replied: "I will fetch it in an hour." They separated and by agreement met at the garage later. Einziger then asked Brown: "Is the secretary here yet?" Brown replied: "He will be here when you have the case goods here." After telephoning, Einziger came to Brown and said: "The stuff is rolling and it will be here in twenty minutes." Later, a Ford car driven by Brenna came along and Einziger motioned him into the garage. When Brenna had driven into the garage, Brown arrested both men and took from the truck twenty cases of whiskey and three barrels of wine. This was the Government's case.

After conviction and sentence the defendants sued out this writ. Of the several assignments of error, only two raise serious questions. The first is, whether on the evidence the trial judge erred in refusing the defendants' motion for a verdict directed in their favor.

That the defendants when caught were violating some provision of the Volstead Act (41 Stat. 305) is quite clear. But whether they had conspired to violate the provision of the Act forbidding the sale of intoxicating liquors for beverage purposes—judged alone from what they were doing with the liquors when caught—is not so clear. Conspiring to sell liquor was the sole offense with which they were charged. It was, therefore, the only offense of which, under the indictment, they could be convicted. To sustain the verdict that the defendants were guilty of the crime of conspiring unlawfully to sell intoxicating liquors, there must of course have been evidence of a sale, contemplated, in progress, or completed. Obviously this is true, for if the defendants when caught were merely transporting liquor for themselves or for others, or were doing anything with it other than carrying out a conspiracy for its sale, they were—however guilty of other offenses—not guilty of the one for which they were being tried.

In all human likelihood a sale was involved somewhere in the transaction. Yet a lawful conviction for conspiracy to effect such a sale cannot be had except on evidence. No evidence of a sale is disclosed in the record. The nearest approach to it was the statement made by the witness Brown that Einziger's purpose in seeking the secretary was to receive from him pay for the liquor. It may have been. Yet this was only Brown's conclusion of Einziger's purpose and was nothing more than an inference from testimony which was equally capable of raising an inference that the defendants were merely transporting liquor. Evidence of a sale cannot be gathered from the fact of transportation alone.

[2] Aside from error in submitting the case on evidence which we think does not sustain the verdict, we find a vein of error running through the charge. In the beginning the learned trial judge directed the attention of the jury to the crime charged by the indictment, namely, conspiracy to sell liquor in violation of a law of the United States, and correctly instructed them on the law. But thereafter, in elaborating the law of conspiracy, the learned trial judge drifted—quite unconsciously—from the offense particularly charged by the indictment and extended his remarks to a conspiracy to violate the Volstead Act generally, conveying to the jury, we are constrained to believe, the idea that if they found the defendants had violated the Volstead Act in any of its provisions they should return a verdict of guilty. It was, of course, obvious to the jury that the defendants when arrested were violating some provision of the Volstead Act and it was inevitable that they would, under these general instructions repeatedly made and differently phrased, return a verdict of guilty; but whether the jury would have returned such a verdict if the court's instructions had been addressed and limited to a conspiracy to violate that part of the Volstead Act which forbids the sale of liquor, no one can say.

Rules of law, whether pertaining to evidence or to the charge of the court in a case arising under the Volstead Act, differ in no respect from like rules applicable in other cases.

We are constrained to find prejudicial error in the trial and to hold, in consequence, that the judgment below must be reversed and a new trial awarded.