**Sarah POLANSKY, Defendant, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 6193.**

United States Court of Appeals
First Circuit.

Heard April 6, 1964.

Decided May 28, 1964.

234

John N. Nassikas, with whom Wiggin, Nourie, Sundeen, Nassikas & Pingree, Manchester, N. H., was on brief, for appellant.

John D. McCarthy, Asst. U. S. Atty., with whom Paul L. Normandin, Asst. U. S. Atty., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

The appellant; Sarah Polansky, was tried and convicted on count eight of an indictment charging her along with Craig W. C. Brown, Peter J. Schuffels and Stanley Sprague, with conspiring to illegally carry and transport firearms in interstate commerce without having in their possession stamp-fixed orders as provided for in 26 U.S.C. §§ 5814, 5851 and 5855 in violation of 18 U.S.C. § 371. She was acquitted by the court on count five which charged her, Brown and Schuffels with transporting a stolen silencer in interstate commerce knowing the same to have been stolen in violation of 15 U.S.C. § 902(g) [1] and of count six which charged her, Brown and Schuffels with carrying a Sten Mark II machine gun and Mausen 9 mm. pistol with shoulder stock in interstate commerce without possessing a stamp-affixed order in violation of 26 U. S.C. § 5814. Three days prior to trial Brown and Schuffels pleaded guilty to the counts against them. From the judgment of conviction of Polansky and Sprague on count eight entered by the

---

1. "§ 902(g) It shall be unlawful for any person to transport or ship or cause to be transported or shipped in interstate or foreign commerce any stolen firearm or ammunition, knowing, or having reasonable cause to believe, same to have been stolen."

District Court of the United States for the District of New Hampshire Polansky appeals.

At the close of all the evidence appellant's motion for a judgment of acquittal was granted as to counts five and six, the substantive counts against her. In addition, the court informed the prosecution that there was nothing in the evidence to support the charge that Polansky and Sprague conspired to violate 26 U.S.C. § 5851, but the matter was left in abeyance. Thus, the case against appellant which remained to go to the jury was limited to the charge that appellant and Sprague conspired to violate 26 U. S.C. §§ 5814, 5855 and possibly 5851. Sprague remained liable to the same conspiracy charge and to two counts of violating section 5814.

In his charge to the jury the district judge read the "applicable statutes that should be considered here in determining whether or not either or both of the respondents are guilty as charged in the counts that are now pending against them." Thereupon, the judge read to the jury sections 5814, 5855 and 15 U.S.C. § 902(g). He did not read 26 U.S.C. § 5851 and no mention was made in the charge of a conspiracy to violate that section. Further, the court stated that "It is the claim of the government that either or both of these defendants, with others, did conspire to violate certain of the revenue acts of the United States, or the other act which is alleged under Title 15." Continuing its charge, the court stated:

"As far as Sarah Polansky is concerned, she is charged with a violation of the statute set forth in Count 8 in that she did conspire with Craig Brown and Peter J. Schuffels to carry in interstate commerce a Sten Mark II machine gun. And she is also charged with having violated, conspired to violate the statute, Title 15, Section 902(g) in that she conspired with Craig Brown and Peter Schuffels to transport a silencer, knowing that the same had been stolen from the Springfield Arsenal

Museum at Springfield, Massachusetts. While Count 5 has been stricken from this trial, she is charged with a conspiracy, acting in conspiracy with Brown and Schuffels in transporting this silencer; and the count charges her with having been guilty of that, of the conspiracy, not the actual transportation, and it, as I say, charges that the silencer was stolen. And there is some evidence to the effect that she didn't know it was stolen."

The jury found appellant "guilty of the offense alleged in Count 8 of the indictment." She was given a suspended sentence and placed on probation for sixty days.

No proper exception was taken to the court's charge as required by Rule 30 of the Fed.Rules of Crim.Proc., and ordinarily an appellate court will not consider an error to which a proper exception has not been taken. United States v. Atkinson, 297 U.S. 157, 56 S.Ct. 391, 80 L.Ed. 555 (1936); Malatkofski v. United States, 179 F.2d 905, 917 (1st Cir. 1950). The purpose of Rule 30, which provides that "[n]o party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of [this] objection," is to give the court a fair opportunity to correct any possible mistakes before the case is submitted to the jury. Golden v. United States, 318 F.2d 357 (1st Cir. 1963); Lash v. United States, 221 F.2d 237 (1st Cir.), cert. denied, 350 U.S. 826, 76 S.Ct. 55, 100 L. Ed. 738 (1955). However, in those exceptional circumstances where notice of an error is necessary to avoid prejudicing in a substantial manner appellant's right to a fair trial, the reviewing court must necessarily, although reluctantly, dispense with the requirements and policy of the Rule. Lash v. United States, supra; United States v. Cumberland, 200 F.2d 609 (3rd Cir. 1952). Instead, under Rule 52(b) the court may notice "[p]lain errors or defects affect-

ing substantial rights * * * although they were not brought to the attention of the court." We believe the trial court's error in instructing the jury as to section 902(g) was serious enough to require our intervention.

Appellant was not charged under the indictment with conspiring to violate 15 U.S.C. § 902(g). That section had relation only to count five of the indictment and appellant was acquitted by the court of that charge. The repeated references to section 902(g) could only serve to mislead the jury into the belief that the issue as to whether Polansky violated that section was properly before them and may have caused them to bring in an improper verdict, i. e., a conviction for an offense not charged in the indictment. Thomas v. United States, 151 F.2d 183 (6th Cir. 1945) ; Einziger v. United States, 276 F. 905 (3rd Cir. 1921). Neither the verdict nor the judgment spelled out exactly what sections appellant was found guilty of conspiring to violate, except that she was found guilty as charged. It is true that toward the end of the charge the court instructed the jury that the issue to be considered as far as appellant was concerned was whether or not she conspired with Brown and Schuffels in transporting a silencer in interstate commerce and whether or not she conspired with the same two in carrying in interstate commerce a Sten machine gun in violation of 26 U.S.C. § 5855. But this could not erase the confusion already created. The jury should not be required to determine which part of a contradictory charge is correct. It cannot be assumed that the "lay jury will know enough to disregard the judge's bad law if in fact he misguides them."[2] Bollenbach v. United States, 326 U.S. 607, 613–614, 66 S.Ct. 402, 405, 90 L.Ed. 350 (1946). Since it is impossible to tell which of the two contradictory instructions the jury followed, the judgment must be reversed. United States v. Donnelly, 179 F.2d 227 (7th Cir.1950).

Judgment will be entered vacating the judgment of the district court, setting aside the verdict and remanding the case to that court for a new trial.

---

2. In fairness to the court, it should be brought out that in going over the instructions with counsel prior to charging the jury, the court stated that insofar as appellant was concerned it would send the case to the jury on the conspiracy count, specifically with reference to section 5855 and section 902(c) of Title 15. The only reaction of appellant's counsel was to make sure the court corrected itself in that the proper section was 902(g).