UNITED STATES of America, Appellee,

v.

Langston B. POWELL, Appellant.

No. 13117.

United States Court of Appeals Fourth Circuit.

Argued June 11, 1969.

Decided July 15, 1969.

---

* The Honorable John F. Kilkenny, United States District Judge for the District of Oregon, sitting by designation.

---

Louis Ellenson, Newport News, Va., (Court-appointed counsel) (Ellenson & Fox, Newport News, Va., on the brief) for appellant.

Roger T. Williams, Asst. U. S. Atty., (Brian P. Gettings, U. S. Atty., on the brief) for appellee.

Before SOBELOFF, WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Seeking reversal of a conviction for embezzling funds of the United States Post Office in violation of 18 U.S.C. § 641, the appellant contends that there is insufficient evidence to support the finding of guilt.

In April 1967, the appellant was employed as a clerk in the Wythe Station of the Post Office in Hampton, Virginia. Before beginning his duties, he signed receipts for stamps and envelopes worth $2,195.00 to be sold by him. In subsequent months, he requisitioned additional stock having a value of $4,353.50. On November 9, 1967, the appellant's account was audited, in his presence, by a postal inspector, and a shortage of $1,393.56 was revealed.

No one but the appellant had access to the stamps and money placed in his custody. The locked drawer in which they were kept had two keys, one of which remained in the appellant's possession. The other key was locked in a safe in a sealed envelope which could be opened only in the appellant's presence, and the drawer itself was also locked in the safe when the appellant was not on duty. Although the appellant testified at trial, he offered no explanation for the substantial shortage in his account.

The appellant argues that a conviction for embezzlement cannot be founded on the mere showing of an unexplained shortage in his account, for the Government must prove both a criminal intent and a fraudulent appropriation of the money by the defendant. Both the intent and the actual taking, however, may be proved by circumstantial evidence. Taylor v. United States, 320 F.2d 843 (9th Cir. 1963); Roberts v. United States, 151 F.2d 664 (5th Cir. 1945). Where, as here, the defendant alone has access to the property, a substantial shortage is disclosed, and no explanation of the shortage is tendered by the accused, the trier of fact may reasonably infer from the circumstances that the custodian of the property has embezzled the missing funds. O'Malley v. United States, 378 F.2d 401 (1st Cir. 1967).

The conviction is accordingly

Affirmed.