UNITED STATES of America, Appellee,

v.

Victoria Yamamoto WALKER, Appellant.

No. 80–5111.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 5, 1982.
Decided May 5, 1982.

William Alden McDaniel, Jr., Washington, D. C. (Brendan V. Sullivan, Jr., Williams & Connolly, Washington, D. C., Darrel L. Longest, Bernstein & Longest, Rockville, Md. on brief), for appellant.

Joseph T. Melillo, Sp. Asst. U.S. Atty. (Justin W. Williams, U.S. Atty., Leonie M. Brinkema, Asst. U.S. Atty., Alexandria, Va., on brief), for appellee.

Before WINTER, Chief Judge, WIDENER, Circuit Judge, and WILKINS,* District Judge.

WIDENER, Circuit Judge:

Victoria Yamamoto Walker appeals her conviction on two counts of bank embezzlement, in violation of 18 U.S.C. § 656, and two counts of making false entries in bank records, in violation of 18 U.S.C. § 1005. She was sentenced under the Federal Youth Corrections Act (YCA), 18 U.S.C. § 5010(b), to an indeterminate sentence on each count, to run concurrently. Various errors have been alleged as to both crimes. We find no error in the convictions for false entry and therefore affirm as to those. We vacate the convictions for embezzlement and remand for a new trial.

I

■ The government argues that application of the concurrent sentence rule is proper here, thus making consideration of the embezzlement counts unnecessary. The concurrent sentence rule, applicable when a defendant has received concurrent sentences on multiple counts of an indictment, provides that a reviewing court need not pass upon the validity of defendant's conviction for additional counts once it has affirmed his conviction on one count, but only if "there is no substantial possibility that the unreviewed conviction will adversely affect the defendant's right to parole or expose him to a substantial risk of adverse collateral consequences." *United States v. Truong Dinh Hung*, 629 F.2d 908, 931 (4th Cir. 1980).

■ We cannot say that there is no substantial possibility that the embezzlement

---

* United States District Court for the District of     South Carolina, sitting by designation.

convictions will not expose Walker to a substantial risk of adverse consequences. Even the government cannot assure us that Walker's release date on her YCA sentence would not be affected.

## II

■ We must therefore consider the embezzlement convictions. One assignment of error raised requires a new trial on those counts. The appellant contends, and we agree, that the district court incorrectly removed from the jury's consideration the issue of sole access to the funds involved, from which conversion, an element of the crime of embezzlement, may be inferred. The instruction at issue reads:

Now, as applied to this case, the Court tells you that both the criminal intent and the actual taking of the money by the defendant may be proved by circumstantial evidence in an embezzlement and *where the defendant alone has access to the property and that is in this case,* money in the cash drawer and a dollar shortage is disclosed and no explanation of the shortage is tendered by the accused you may, but you do not have to reasonably infer from the circumstances that the custodian of the property embezzled the missing funds. (Emphasis added)

While the district court correctly stated that conversion may be inferred from sole access plus an unexplained shortage, *United States v. Powell,* 413 F.2d 1037 (4th Cir. 1969), it is for the jury to decide if sole access did in fact exist. The appellant produced evidence at trial which tended to show that sole access did not in fact exist. In particular, there was testimony from the two depositors involved who could not identify Walker as the teller who accepted their deposits and who gave them their receipts.[1] Also, Walker testified that on one of the days in question she found a duplicate key in the lock at her teller window.

■ A criminal defendant has the right to have the jury resolve all questions of fact, and it is error for the district judge to withdraw factual disputes from the jury. *Mims v. United States,* 375 F.2d 135 (5th Cir. 1967); *United States v. Ornstein,* 355 F.2d 222 (6th Cir. 1966); *United States v. McKenzie,* 301 F.2d 880 (6th Cir. 1962); *United States v. Raub,* 177 F.2d 312 (7th Cir. 1949); 2 Wright, *Fed'l Prac. & Proc.* § 371. The district court committed such error here by stating to the jury that this was a case of sole access. Such a fact is for the jury to determine.

■■ Accordingly, we affirm the conviction on the two counts of false entry (counts II and IV) and vacate the convictions on the embezzlement counts (counts I and III) and remand for a new trial on those counts.[2]

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**[3].

1. One depositor, Evelyn Vines, identified the teller that she gave her deposit to as a white woman, while Walker is Japanese. The other depositor, Eileen Perez, testified that the teller she dealt with was a man.

2. We further find that the convictions for false entry and embezzlement were not so intertwined that it was highly probable that Walker was prejudiced on the false entry counts by the erroneous instruction on the embezzlement counts. Cf. *United States v. Caudle,* 606 F.2d 451, 454 (4th Cir. 1979). The record contains abundant evidence of the false entries. For example, the evidence shows Walker's signature on the two settlement sheets which reflect the transactions in question as payouts rather than the deposits they were.

3. The dissent argues that the instructions read as a whole are clear. We disagree. We think

the instructions read as a whole are at best misleading, for in one place the jury is told that they must find sole access and in another they are told that such a finding is left to them. First instructing a jury in one way and then in another, as was done here, requires reversal for a new trial as has been held in numerous cases on factual situations not substantially different from the one at hand. E.g. *United States v. Pope,* 561 F.2d 663 (6th Cir. 1977); *United States v. Garza,* 426 F.2d 949 (5th Cir. 1970); *Gagliardo v. United States,* 366 F.2d 720 (9th Cir. 1966); *Polansky v. United States,* 332 F.2d 233 (1st Cir. 1964); *Smith v. United States,* 230 F.2d 935 (6th Cir. 1956); *Frank v. United States,* 220 F.2d 559 (10th Cir. 1955).

While we do not doubt that reading the instructions as a whole is required as hornbook law, we think its application here is an oversimplification and that the correct rule is stated in *Frank,* supra, at p. 565, quoting *McFarland*

HARRISON L. WINTER, Chief Judge, dissenting:

When read as a whole, * I do not think that the instructions of the district court removed from the jury the question of whether this defendant had sole access to the moneys allegedly embezzled. I respectfully dissent from the majority's contrary conclusion.

## I.

The theory of the prosecution in this case was that defendant, admittedly employed as a bank teller on the days in question, received a deposit of a $5,000 cashier's check from a certain Evelyn Vines, and three days later a deposit of a $6,000 check from a certain Eileen Perez. In each instance there was evidence that defendant falsified bank records to show that the checks were cashed rather than deposited and that she converted the proceeds to her own use. Each depositor was given a receipt showing that the checks were deposited to her account, and the bank honored the receipts when the depositors' accounts were allegedly overdrawn. Neither depositor could identify the teller who handled her transaction—one thought that the teller was female, the other thought that the teller was male. However, the bank's records, i.e., the fraudulent cash slips and the fraudulent settlement sheets, bore the signature of defendant.

## II.

In instructing the jury, the district court repeatedly stressed that the burden was on the government to prove beyond a reasonable doubt all elements of the crime and that a defendant never had the burden or duty of calling any witnesses or producing any evidence. The district court explained the theory of the prosecution and then gave the instruction which the majority concludes was reversible error:

> Now, as applied to this case, the Court tells you that both the criminal intent and the actual taking of the money by the defendant may be proved by circumstantial evidence in an embezzlement and where the defendant alone has access to the property and *that is in this case,* money in the cash drawer and a dollar shortage is disclosed and no explanation of the shortage is tendered by the accused you may, but you do not have to reasonably infer from the circumstances that the custodian of the property embezzled the missing funds. Now, it does not require you to do so but you might infer from the circumstances, but you are the sole judges of the facts. (emphasis added)

In my view, the phrase "that is in this case" was meant only to mean that there was circumstantial evidence that defendant alone had access to the property but not to foreclose the jury's finding as to who had sole possession. Had the district court intended to foreclose the issue, the word "in" was superfluous. My interpretation is reinforced by the fact that in practically the next breath, the court told the jury, "the evidence in this case raises a question for you to determine whether the defendant was, in fact, the criminal actor," and then called attention to the fact that there was no positive identification testimony, adding:

> However, bear in mind the burden is on the Government not only to show the essential elements of this case, not only to show there was a falsification of checks marked as cash instead of deposit and a shortage in the drawer in the days in question equal to the amount of the check, *they must satisfy you beyond a*

---

*v. United States,* 85 U.S.App.D.C. 19, 174 F.2d 538, 539 (1949), as follows:

"If a charge to a jury, considered in its entirety, correctly states the law, the incorrectness of one paragraph or one phrase standing alone ordinarily does not constitute reversible error; but it is otherwise if two instructions are in direct conflict and one is clearly prejudicial, for the jury might have followed the erroneous instructions. *Nicola*

*v. United States,* 3 Cir., 1934, 72 F.2d 780, 787; *Drossos v. United States,* 8 Cir., 1924, 2 F.2d 538, 539."

* It is horn book law that this is the rule to be applied. *See United States v. Park,* 421 U.S. 658, 674, 95 S.Ct. 1903, 1912, 44 L.Ed.2d 489 (1975); *Reeves v. Read,* 596 F.2d 628, 629 (4 Cir. 1979).

*reasonable doubt that this defendant is the one who was solely in possession of that drawer all day, yes, and that she was the one who received the deposits and she is the one who made out and signed these things.* In other words, since there has not been an identification, the burden is on the Government as I say before you can draw an inference from the circumstances or anything. (emphasis added)

Manifestly, a jury explicitly told that its function was to find whether a defendant was solely in possession in order to convict could not reasonably understand that that factual issue was foreclosed.

I think that the factual issue of whether or not there was sole possession from which the permissible inference could be drawn was fairly put to the jury. Since I find no merit in defendant's other contentions, I would affirm the judgment entered on her conviction.