900 F.2d 254
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NATIONWIDE INSURANCE COMPANY, Plaintiff-Appellant,
v.
Robert CULLINS and Linda Cullins, Defendants-Appellees,
and
Clyde M. Catoe; Cecil Catoe, Defendants.
 No. 89-2707.
United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 8, 1990.
Decided: April 5, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Matthew J. Perry, Jr., District Judge. (CA-0:88-845-0)
 Richard McKinne Kennedy, Jr., Kennedy, Price & Dial, Columbia, S.C., for appellant.
 George W. Speedy, Furman, Speedy & Stegner, Camden, S.C., for appellees.
 D.S.C.
 AFFIRMED.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and RICHARD B. KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Nationwide Insurance Company (Nationwide) complains of the action of the district court in finding that the fire insurance policy it issued was valid, denying its motion for a directed verdict, and refusing to set aside the verdict of the jury. Finding no error, we affirm.
 
 
 2
 Nationwide had for a number of years issued its standard fire insurance policy covering a dwelling owned and occupied by Clyde and Mary Sue Catoe. In late 1986 or early 1987, Clyde and Mary agreed to transfer the dwelling, subject to a $30,000 mortgage thereon, to Clyde's brother, Cecil Catoe, and pay Cecil $10,000 for materials and services furnished by Cecil in remodeling another dwelling for Clyde. No deed was prepared and delivered for the transfer. Thereafter, Robert and Linda Cullins contracted with Cecil to occupy and purchase the said dwelling by assuming the $30,000 mortgage and, when able, to pay Cecil $10,000. Cecil's wife was a sister to Linda Cullins. In June 1987, Robert Cullins called at the office of Nationwide's agent and related to him the above facts and requested fire insurance coverage. The agent endorsed the policy formerly issued to Clyde over to Cullins covering the dwelling and contents. At that time, Nationwide was advised that Cecil had an interest in and claim for $10,000 in the dwelling. The proof of loss filed by Cullins also set forth Cecil's claim.
 
 
 3
 On or about November 25, 1987, while the Cullinses and their children were away from their home, the dwelling was partially destroyed by fire. The fire department responded and extinguished the fire. Later that night, fire destroyed the remainder of the dwelling and contents. Nationwide refused to pay for the loss and instituted an action for declaratory judgment to determine its liability. It there contended the fire had been intentionally set, that an accelerant had been used, and that the claim for contents was false and fraudulent. The Cullinses answered and filed a cross-claim seeking recovery under the policy.
 
 
 4
 The court found that there was no issue of a material fact as to the validity of the policy, ruled it valid, and left the issue of the cross-claim to the jury. The jury rendered a verdict for Cullins for the full sum of the policy. This appeal followed.
 
 
 5
 It was stipulated that Robert Cullins told Nationwide's agent of the series of events of how he obtained the dwelling and that the agent was fully aware of those facts when the policy was transferred.
 
 
 6
 The questions of the cause of the fire, the value of the dwelling and contents, whether claimants were in any way connected with or directly or indirectly caused the loss, as well as the amount of the loss, were all submitted to the jury, which returned a verdict for the Cullinses. An examination of the record establishes there was sufficient evidence to support that finding. Where, as here, the burden of proof of intentional burning or fraud was on Nationwide, "the trier of the fact must decide whether the burden is met in the face of the insured's denial and other possible explanations for the fire." Rabon v. Great S. West Fire Ins. Co., 818 F.2d 306, 308 (4th Cir.1987). It is not our duty, nor should we reweigh the evidence on appeal. After a full review of the record, we cannot say that a reasonable jury, weighing the credibility of the witnesses and the circumstances of the case, could or could not conclude that Nationwide failed to meets its burden. Rabon at 308.
 
 
 7
 Lastly, Nationwide complains that the court's charge to the jury referred to the presumption that men will not commit such offenses of willful burning and fraud in our society. In further explanation of the charge, the court commented that in criminal cases it is called a presumption of innocence and in civil cases it is called the presumption against committing such offenses. Nationwide contends this reference was misleading to the jury and required that Nationwide establish the willful burning and fraud by a higher degree of proof than a greater weight or preponderance of the evidence. We disagree. While we caution against making reference to the "presumption of innocence" as applicable to a criminal prosecution, a reading and consideration of the court's charge as a whole makes it abundantly clear this was not a criminal prosecution and that in a civil case like this the required proof of willful burning or fraud is by the greater weight or preponderance of the evidence.
 
 
 8
 In dealing with the court's charge to the jury, it is
 
 
 9
 arguable that isolated parts can be read as intimating that a finding ... [may require a different degree of proof.] ... [T]his is not the way we review jury instructions, because "a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." Cupp v. Naughten, 414 U.S. 141, 146-147 (1973). See Boyd v. United States, 271 U.S. 104, 107 (1926).
 
 
 10
 United States v. Park, 421 U.S. 658, 674, 95 S.Ct. 1903, 1912 (1975). See also Reeves v. Reed, 596 F.2d 628, 629 (4th Cir.1979).
 
 
 11
 The judgment of the district court is therefore affirmed.
 
 
 12
 AFFIRMED.