968 F.2d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy Lynn BALL, Defendant-Appellant.
 No. 91-5426.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 5, 1992
Decided: July 15, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Glen M. Williams, Senior District Judge. (CR-90-10)
 Hope Dene, Dene & Dene, Abingdon, Virginia, for Appellant.
 E. Montgomery Tucker, United States Attorney, Jean M. Barrett, Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before WIDENER and LUTTIG, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 In 1990, Jimmy Lynn Ball entered a guilty plea to possession of a firearm after having been convicted of a felony (18 U.S.C.A. § 922(g)(1) (West 1979 & Supp. 1991)), and was sentenced to twelve months incarceration, two years supervised release, and a $1200 fine. The court gave Ball two weeks to report for service of his sentence. Because he failed to report on the date ordered, Ball was indicted for failure to appear, 18 U.S.C. § 3146 (1988), and he was arrested for that offense nearly ten months later. A jury convicted him of failure to appear, and the court sentenced him to thirty months imprisonment to run consecutively to the twelve-month sentence already imposed for the firearm conviction. Ball noted a timely appeal from the failure to appear conviction. We affirm.
 
 
 2
 Ball first alleges that the trial court deprived him of a fair trial when it questioned him from the bench during the government's cross-examination; he asserts that the trial judge, in effect, became a witness for the government. The court's questions concerned the plea colloquy between Appellant and the court when he entered his guilty plea to the firearm charge. Ball alleged that he entered into a plea agreement with the government to serve four months in a "halfway house" and that the twelve-month sentence he received violated that agreement. The trial judge questioned Ball on his statements that the government made no promises to him. Ball's attorney objected to the court's questions.
 
 
 3
 We review a judge's conduct in a federal trial under an abuse of discretion standard. Quercia v. United States, 289 U.S. 466 (1933). Excessive intervention by a trial judge may be improper, Anderson v. Warden, Md. Penitentiary, 696 F.2d 296 (4th Cir. 1982), cert. denied, 462 U.S. 1111 (1983), but mere intervention, without more, does not deny due process. United States v. Parodi, 703 F.2d 768 (4th Cir. 1983). In order to determine whether a defendant was denied a fair trial by the trial court's intervention,
 
 
 4
 it is necessary to look not merely at the challenged questions in isolation but also at the demeanor and conduct of the trial judge throughout the trial, to search the record for the evidence of partiality or bias that might indicate a belief on the judge's part that the defendants were "guilty" or suggest that he had usurped the function of the prosecutor.
 
 
 5
 Id. at 776.
 
 
 6
 The judge's questions of Appellant during cross-examination concerned only his responses to the court's questions during the earlier guilty plea colloquy. The questions did not concern Appellant's guilt of failure to appear. Since the court's conduct of the entire trial was fair and evenhanded and since the court's questions did not disclose any bias, the court did not abuse its discretion by the questioning.
 
 
 7
 Ball also asserts that the court improperly instructed the jury. He objected to the following instruction:
 
 
 8
 And finally, let me say to you there's evidence in this case that the Defendant was concerned about his family, and there's evidence also in here that the Defendant felt that he was being unduly punished, and a deal that he had made had not been carried out.
 
 
 9
 I instruct you that these are not defenses. They may have been his reasons, but they are not a defense to failure to show up in court.
 
 
 10
 The court also instructed the jury on the presumption of innocence, reasonable doubt, elements of the charged offense, elements of the uncontrollable circumstances defense, and the duress defense.
 
 
 11
 Jury instructions must be reviewed as a whole. United States v. Walker, 677 F.2d 1014, 1016 n.3 (4th Cir. 1982). It is error for the court to remove factual questions from the jury. Id. The court's instructions as a whole correctly stated the law. Evidence of Ball's family concerns and his misunderstanding that there was some sort of plea agreement did not establish affirmative legal defenses, but only stated reasons for his failure to appear. Since the instructions correctly stated the law and did not resolve any material issues, they were not in error.
 
 
 12
 Ball argued at the sentencing for his failure to appear that there were errors in the presentence report prepared for his sentencing on the firearm conviction which rendered that sentence unconstitutional. Ball disputed his criminal history calculation; he asserted that if two disputed points were deducted, his criminal history category would have made him eligible for probation. Since Ball never objected to that presentence report or appealed that sentence, he waived those issues involving his firearm sentence. See United States v. Matovsky, 935 F.2d 719, 722 (5th Cir. 1991).
 
 
 13
 Ball also asserts that if his first sentence was unconstitutional, it was improper to hold him responsible for failing to appear to serve it, and the court should have considered the first sentence since it may have warranted a downward departure in his second sentencing. Refusal to depart downward is not reviewable on appeal. United States v. Meitinger, 901 F.2d 27 (4th Cir.), cert. denied, 59 U.S.L.W. 3391 (U.S. 1990). Ball relies on United States v. Diagi, 892 F.2d 31 (4th Cir. 1989), but that case involved one sentencing proceeding in which the Defendant properly objected to the presentence report. Even if Ball did not waive his objections, the appropriate method to raise issues involving the first sentencing would be a proceeding under 28 U.S.C. § 2255 (1988).
 
 
 14
 Ball next argues that the sentencing court erred when it added two points to his criminal history category for failing to appear while on bond. Ball argues that such an enhancement amounts to "impermissible double punishment." Two points may be added to a defendant's criminal history category if he committed the offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release or escape status." United States Sentencing Commission, Guidelines Manual,s 4A1.1(d) (Nov. 1991). Failure to report for service of a sentence is to be treated as an escape from that sentence. Id., comment. (n.4). Moreover, the adjustment at issue has been approved elsewhere. See United States v. Lewis, 900 F.2d 877 (6th Cir.) cert. denied, 59 U.S.L.W. 3246 (U.S. 1990); United States v. Vickers, 891 F.2d 86 (5th Cir. 1989); United States v. Wright, 891 F.2d 209 (9th Cir. 1989); United States v. Goldbaum, 879 F.2d 811 (10th Cir. 1989); United States v. Ofchinick, 877 F.2d 251 (3rd Cir. 1989). Cf. United States v. Williams, 954 F.2d 204 (4th Cir. 1992).
 
 
 15
 Ball continues that a 1977 state conviction of statutory burglary was unconstitutional. A sentencing court has jurisdiction to entertain a challenge to the constitutionality of a prior state conviction that may be used to enhance a federal sentence under U.S.S.G.s 4A1.2, comment (n.6). United States v. Jones, 907 F.2d 456 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3461 (U.S. 1991). A "still-standing" prior conviction which is constitutionally invalid should not be counted in determining criminal history, but the defendant has the burden of proving that the conviction is constitutionally invalid. United States v. Davenport, 884 F.2d 121 (4th Cir. 1989). Ball failed to establish that the 1977 conviction was unconstitutional.
 
 
 16
 Finally, Ball asserts that the court improperly denied him credit for acceptance of responsibility under U.S.S.G. § 3E1.1. A determination of whether to give a reduction for acceptance of responsibility is a factual finding which this Court reviews under the clearly erroneous standard. United States v. Cusack, 901 F.2d 29 (4th Cir. 1990). The defendant must demonstrate that he is entitled to the adjustment by a preponderance of the evidence. United States v. White, 875 F.2d 427, 431 (4th Cir. 1989). As Ball's probation officer noted in his presentence report, Ball admitted "he did not report for service of sentence, he pled not guilty and tried to convince the jury that his actions were justified and, therefore, not criminal." Thus, the court's refusal to grant a downward departure for acceptance of responsibility was not clearly erroneous. We therefore affirm Ball's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED