**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Vickie DYKMAN, Defendant–Appellant.**

**No. 08–30157.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 2009.

Filed June 19, 2009.

Jessica T. Fehr, Esquire, Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

George Larry Jent, Esquire, Williams & Jent, PLLP, Bozeman, MT, for Defendant–Appellant.

Before: PAEZ and RAWLINSON, Circuit Judges, and JENKINS,* District Judge.

MEMORANDUM **

Vickie Dykman appeals her conviction for misappropriation of postal funds in violation of 18 U.S.C. § 1711. She challenges the district court's denial of her Federal Rule of Criminal Procedure 29 motion for a judgment of acquittal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

* The Honorable Bruce S. Jenkins, Senior United States District Judge for the District of Utah, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ We review de novo Dykman's challenge to the sufficiency of the evidence. *United States v. Williams,* 547 F.3d 1187, 1195 n. 6 (9th Cir.2008). Examining the evidence in the light most favorable to the government, we must determine whether a rational jury "could have found the essential elements of the crime beyond a reasonable doubt." *Id.* At issue in this appeal is the element of conversion.[1] Dykman asserts that the evidence was insufficient to show actual loss, and that in any event, an accounting discrepancy, without more, is insufficient to show conversion. After a careful review of the evidence presented to the jury, we disagree. We conclude that a rational jury could have found that the element of conversion was satisfied.

■ We first address Dykman's contention that the government failed to present sufficient evidence of loss because it did not conduct an independent audit of the post office or otherwise verify the existence of the stock shortage indicated by the post office's own financial records. We disagree. The records, kept by Dykman herself, both alerted the government to the existence of the shortage and informed it of the amount of that shortage. Indeed, Dykman testified that she kept the records accurately, always accounting for stock when it arrived from the Stamp Distribution Office. We conclude that a rational jury could have inferred from this evidence that a shortage of the amount indicated by Dykman's records, over $7,000, actually existed. *See Williams,* 547 F.3d at 1195 n. 6.

Second, as to the evidence of conversion, Dykman argues that a "mere accounting discrepancy," absent evidence that a particular amount of money or a specific stamp was actually taken, is insufficient to support the jury's finding of conversion. Again, we disagree. Dykman, as the sole full-time employee of the post office, was the only person with access to her own personal stock drawer. Moreover, both Dykman and the only other person with access to any of the stock in the office testified that they had nothing to do with the shortage. A rational jury could have disbelieved Dykman and concluded that she, as head postmaster, was responsible for the substantial shortage. *See Williams,* 547 F.3d at 1195 n. 6; *accord United States v. Powell,* 413 F.2d 1037, 1038 (4th Cir.1969).

AFFIRMED.

---

1. 18 U.S.C. § 1711 provides, in relevant part, that

    Whoever, being a Postal Service officer or employee, loans, uses, pledges, hypothecates, or converts to his own use, or deposits in any bank, or exchanges for other funds or property, except as authorized by law, any money or property coming into his hands or under his control in any manner ... shall be fined under this title ... or imprisoned not more than ten years.... The district court instructed the jury that it was required to find that Dykman "knowingly and unlawfully converted to her own use money or property coming into her control as a postal employee."