**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-7838**

JIMMY ALONZO WRIGHT,

Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

Respondent - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:19-cv-00691-RJC)

Submitted: April 29, 2022                     Decided: May 11, 2022

Before MOTZ and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:** Anthony Martinez, Federal Public Defender, Joshua B. Carpenter, Appellate Chief, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. William T. Stetzer, Acting United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmy Alonzo Wright pled guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g), brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), and Hobbs Act robbery, in violation of 18 U.S.C. § 1951. The district court designated Wright an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and sentenced him to 264 months' imprisonment. In 2019, Wright filed a 28 U.S.C. § 2241 petition by way of the savings clause in 28 U.S.C. § 2255, arguing that this court's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), established that his armed career criminal designation was erroneous. The district court concluded that Wright was ineligible for § 2241 relief and denied his petition. Wright appeals.

Pursuant to § 2255(e), a prisoner may challenge his sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

The parties do not dispute, and the record reflects, that Wright has satisfied the first three prongs of *Wheeler*. At the time of Wright's sentencing, existing case law established

2

that Wright was properly sentenced as an armed career criminal. After Wright filed his first § 2255 motion, we held that *Simmons* is retroactively applicable to cases on collateral review. *Miller v. United States*, 735 F.3d 141, 147 (4th Cir. 2013). Furthermore, because the rule from *Simmons* is statutory, not constitutional, Wright's claim is not cognizable in a successive § 2255 motion.

The district court found that Wright's sentence fell within the advisory Sentencing Guidelines range and, thus, any error in his designation as an armed career criminal was harmless. The court therefore held that Wright failed to satisfy the fourth prong of the *Wheeler* test. We disagree. Retroactive application of the statutory rule from *Simmons* establishes that Wright's ACCA designation was erroneous, and that error increased his statutory mandatory minimum. Because "an erroneous mandatory minimum creates the mistaken impression that the district court had no discretion to vary downward from the low end of the defendant's [Guidelines] range," and thus "implicates separation of powers principles and due process rights fundamental to our justice system," an erroneous increase in the mandatory minimum constitutes grave error regardless of whether the defendant's sentence ultimately falls within the Guidelines range. *Wheeler*, 886 F.3d at 430-31 (cleaned up). We therefore conclude that Wright's sentence "now presents an error sufficiently grave to be deemed a fundamental defect," and accordingly hold that Wright is eligible to bring a *Simmons* claim pursuant to the savings clause. *Id.* at 429.

The district court also noted that, even if Wright was eligible for § 2241 relief, it would decline to review his ACCA status and corresponding § 922(g) sentence pursuant to the concurrent sentence doctrine. The doctrine "authorizes a court to leave the validity of

3

one concurrent sentence unreviewed when another is valid and carries the same or greater duration of punishment so long as . . . it can be foreseen *with reasonable certainty* that the defendant will suffer no adverse collateral consequences by leaving it unreviewed." *United States v. Charles*, 932 F.3d 153, 155 (4th Cir. 2019). Application of the doctrine "requires a showing that the defendant will suffer no harm by letting both the valid and unreviewed convictions stand." *Id.* at 159.

Here, Wright's sentence on the § 922(g) count runs concurrently to his sentence on the Hobbs Act robbery count. However, because the Guidelines required that the district court impose the same sentence on both counts, the erroneous application of the ACCA's mandatory minimum constrained the court's discretion to impose a lower Guidelines sentence or vary downwardly on both the § 922(g) *and* the Hobbs Act robbery counts. *See* U.S. Sentencing Guidelines Manual § 5G1.2 (2006) (instructing that court "shall" first determine defendant's total sentence and then impose that sentence on *each* count concurrently unless law requires imposition of a consecutive sentence, in which case sentences on counts "shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment"); *United States v. Chase*, 296 F.3d 247, 251 (4th Cir. 2002) (noting Guidelines "mandate[] concurrent sentences in the absence of statutory requirements to the contrary"). Accordingly, "we cannot say that there is no substantial possibility" that leaving Wright's challenge to his armed career criminal status unreviewed will not expose him to a "risk of adverse consequences." *United States v. Walker*, 677 F.2d 1014, 1015-16 (4th Cir. 1982). We therefore conclude that the district court erred in applying the concurrent sentence doctrine.

4

Accordingly, we vacate and remand for the district court to adjudicate Wright's § 2241 petition on the merits. We express no view as to the merits of Wright's petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*