**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JAMES GUY ARNOLD,
                  *Petitioner-Appellant,*

v.

C. MARK HOFFE; ATTORNEY
GENERAL OF WEST VIRGINIA,
                  *Respondents-Appellees.*

No. 01-6863

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CA-01-11-3)

Submitted: October 31, 2001

Decided: November 20, 2001

Before WILKINS, MICHAEL, and GREGORY, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

James Guy Arnold, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

James Guy Arnold appeals the district court's order denying relief on his petition for habeas relief or for a writ of error coram nobis pursuant to 28 U.S.C. §§ 1651, 2241 (1994), which the district court construed as a petition pursuant to 28 U.S.C.A. § 2254 (West 1994 & Supp. 2001).[1] We remand for further factual findings.

Pursuant to 28 U.S.C. § 2254(a), federal courts have jurisdiction to entertain an application for habeas relief only if a petitioner is "in custody" in violation of the laws, treaties, or Constitution of the United States. The custody requirement must be established at the time petitioner files his petition. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). A review of the record shows Arnold was no longer in prison pursuant to his state conviction at the time he filed his § 2254 petition. However, it is unclear from the record before us whether he was serving a probationary sentence or was on parole at the time of filing. *See Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963); *Tinder v. Paula*, 725 F.2d 801, 803 (1st Cir. 1984). Thus, the record before us is insufficient to determine whether the district court had jurisdiction to consider Arnold's petition. Further, we find the district court incorrectly dismissed Arnold's petition based on the concurrent sentencing doctrine, as the record indicates Arnold did not receive concurrent sentences and Arnold alleged collateral consequences continue as a result of his expired state sentence.[2] *See United States v. Walker*, 677 F.2d

---

[1]Arnold contends the district court erred in so construing his petition. However, Arnold's petition is properly construed as one under § 2254 because it is based on his custody pursuant to the judgment of a state court and he alleges his conviction is in violation of the Constitution. *See* 28 U.S.C.A. § 2254(a) (West 1994 & Supp. 2001). Moreover, a writ of error coram nobis is not available in federal court to challenge a state criminal judgment. *Sinclair v. Louisiana*, 679 F.2d 513, 514-15 (5th Cir. 1982) (finding no jurisdiction to issue writ where federal court did not impose sentence).

[2]Moreover, we note collateral consequences are presumed to flow from a wrongful conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998).

1014, 1015 (4th Cir. 1982); *United States v. Hudacek*, 24 F.3d 143, 145 n.2 (11th Cir. 1994). Accordingly, we grant a certificate of appealability, vacate the district court's dismissal order, and remand for further factual findings. Moreover, we direct the court to consider the merits of Arnold's petition if it finds he was "in custody" within the meaning of the statute.

Arnold's motions for appointment of counsel, to adopt the record in *Arnold v. America Online*, 01-1559, and for a certificate of probable cause, are denied. His motion to proceed in forma pauperis on appeal is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*