**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 03-7521**

───────────────

JAMES GUY ARNOLD,

                                    Petitioner - Appellant,

         versus

C. MARK HOFFE; OFFICE OF THE ATTORNEY GENERAL,

                                    Respondents - Appellees.

───────────────

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  W. Craig Broadwater,
District Judge.  (CA-01-11-3)

───────────────

Submitted:  January 31, 2005          Decided:  March 28, 2005

───────────────

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

───────────────

Vacated and remanded by unpublished per curiam opinion.

───────────────

James Guy Arnold, Appellant Pro Se.  Dawn Ellen Warfield, OFFICE OF
THE ATTORNEY GENERAL OF WEST VIRGINIA, Charleston, West Virginia,
for Appellees.

───────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

James Guy Arnold, formerly a West Virginia prisoner, appeals the district court's order denying his motion pursuant to Fed. R. Civ. P. 60(b) for relief from the district court's prior orders dismissing his petition under 28 U.S.C. § 2254 (2000) and denying his motion for reconsideration. Having previously granted a certificate of appealability, see 28 U.S.C. § 2253(c) (2000), we now find the district court abused its discretion by denying Arnold's motion.[1] Accordingly, we vacate the order denying the motion and remand with instructions.

Arnold filed his petition on February 26, 2001, and the district court first dismissed the petition on April 17, 2001. Arnold appealed, and we granted a certificate of appealability, vacated the district court's dismissal order, and remanded for further factual findings. See Arnold v. Hoffe, No. 01-6863, 2001 WL 141735, **1 (4th Cir. Nov. 20, 2001) (unpublished). We determined that while the record showed Arnold was no longer in prison pursuant to his state conviction when he filed his petition, the record was insufficient to determine whether he was on probation or parole for the state conviction at that time. Accordingly, we could not determine whether Arnold was subject to

_____

[1] We note that because the motion sought a remedy for a defect in the collateral review process, it was "a proper Rule 60(b) motion" and not a successive habeas application. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

- 2 -

"restraints on [his] liberty . . . not shared by the public generally" for purposes of determining whether he was "in custody" under § 2254. See Jones v. Cunningham, 371 U.S. 236, 240 (1963); see also Garlotte v. Fordice, 515 U.S. 39, 41 (1995) (petitioner receiving consecutive sentences "remains 'in custody' under all of his sentences until all are served"); United States v. Hillary, 106 F.3d 1170, 1172 (4th Cir. 1997) ("for jurisdictional purposes, consecutive sentences must be viewed in the aggregate"). Moreover, we directed the court to consider the merits of Arnold's petition if it found he was "in custody" within the meaning of the statute.

Following our decision, Arnold filed a statement concerning jurisdiction in the district court claiming that in addition to his prison term, the state court imposed a consecutive five-year term of supervision that was still undischarged, and he was therefore "in custody" when he filed his petition. He also requested the state be ordered to produce the record of conviction and transcripts of sentencing. Noting our determination that the record was unclear whether Arnold was on parole or probation at the time of filing, the district court ordered the state "to answer the incarceration status of the defendant." The state responded that Arnold was convicted of one count of computer fraud and sentenced to two years in state prison; he was discharged by expiration of the sentence in 1999; and according to criminal records available

to the state division of corrections, he was "not presently on probation or parole for any offense committed in West Virginia."

Based on the state's response, the district court dismissed the petition, and Arnold moved for reconsideration. He claimed that transcripts from his state sentencing hearing or a certificate from the state judge would show that a consecutive five-year term of probation had been imposed, and the state had misrepresented his custody status. The district court denied the motion. Subsequently, Arnold moved for relief under Rule 60(b). He reminded the court of our remand for factual findings, noted he was convicted of two different counts, and provided transcript excerpts from his sentencing hearing in which the state judge discussed a sentence of two years on count two, and a consecutive suspended sentence of five years on count three, for which he would be placed on probation. He again requested relief based upon the state's alleged misrepresentation of his custody status. Without requesting a response from the state, the district court denied the motion "[b]ecause the evidence presented [was] not sufficient to prove [Arnold] was serving a probation term."

After granting a certificate of appealability, we directed the Appellees (hereafter, the "state") to file a responsive brief pursuant to 4th Cir. R. 22(a)(1)(B) addressing, inter alia, whether the district court erred in its procedural ruling dismissing Arnold's Rule 60(b) motion. Subsequent to our

order, the state obtained a copy of the transcript of Arnold's plea and sentencing hearing from the court reporter and determined Arnold had accurately described that he was in fact convicted of two counts and sentenced by the state judge to "a two-year term in the penitentiary on Count II, followed by a suspended sentence and five years of supervised probation on Count III."[2]  However, the state represents that due to "inadvertence or neglect," no conviction or sentencing order reflecting the five-year term was ever entered in state court.[3]  Therefore, the state contends that it "simply advised the district court of the facts as shown by the record," and "[b]ased on the record before the district court, the court did not have jurisdiction to consider Arnold's § 2254 petition, nor grounds to grant his motion for reconsideration under Rule 60(b)."

In light of our prior mandate that the district court determine whether Arnold was "in custody" within the meaning of the statute when he filed his petition, Arnold's persistent claims that he received a consecutive five-year suspended probationary sentence, his submission of portions of the transcript, which

---

[2]Although the state has offered to provide the court a copy of the transcript, it is not currently part of the record.  Upon remand, we direct the district court to obtain this and other state documents relevant to its review.

[3]We note that subsequent to the state's filing of its brief, the state court evidently entered a "Conviction and Sentencing Order and Order of Probation (Entered nunc pro tunc)."

evidently was the only available evidence of his sentence, the district court's failure to obtain a response or complete record from the state, and the "exceptional circumstances" of this case, see Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979), we find the district court abused its discretion by denying Arnold's Rule 60(b) motion based on his failure to sufficiently prove his probationary term.

We therefore remand to the district court for reconsideration of Arnold's motion in light of all the evidence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED